CHARLES HATCH *v.* THE STATE.

1. OFFICIAL MISCONDUCT — JURISDICTION.— The District, and not the County Court, is clothed by the Constitution with the jurisdiction to try offenses involving the misconduct of public officers; and neither the legislature nor the courts can impair that jurisdiction.

2. SAME.— Negligently permitting the escape of prisoners in the custody of the accused as an officer is an offense which comes within the definition of official misconduct, and as such is triable in the District Court.

3. CASE OVERRULED.— *Watson* v. *State*, 9 Texas Ct. App. 212, overruled on the question of jurisdiction.

APPEAL from the County Court of Falls.   Tried below before the Hon. E. C. STUART, County Judge.

The indictment charged that the appellant, while the legal jailor of the Falls county jail and as such the custodian of the prisoners therein confined, did, on the 22d day of December, 1879, negligently permit the escape of one William Hart, confined on a charge of murder, and of three others confined upon charges of offenses less than capital.   The verdict found him guilty and assessed his punishment at a fine of $225.   No question involving the evidence is discussed in the opinion, and a statement of facts is therefore deemed unnecessary.

*Oltorf & Rimes*, and *N. P. Jackson*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J.   On an indictment found in the District Court and transferred to the County Court for trial, the appellant was convicted and a fine imposed of two hundred and twenty-five dollars, and was condemned to pay the costs of the prosecution.   It is charged in the indictment that in Falls county, on December 22, 1879, the defendant, with force and arms, then and there being the duly and legally appointed jailor of the county of Falls and State of Texas, and as such jailor the keeper of the common jail of Falls county, Texas, and as such jailor he, the said Hatch, then and there had the legal custody · of one William Hart, who was then and there legally accused of a capital offense, to wit: that of murder in the first degree, and then and there having the legal custody of three other persons legally accused and charged with felonies less than capital, did then and there unlawfully and negligently permit him, the said William Hart, and the three other said parties to make their escape from and out of the said jail as aforesaid; contrary," etc. When the indictment was returned by the grand jury through their foreman, an order was made in the District Court that the cause be transferred to the County Court for trial, on the ground, as stated in the order of transfer, " for the reason that this court has no jurisdiction of said cause."

In our opinion the district judge was mistaken in supposing that the District Court did not have jurisdiction of the case, and erred in transferring it to the County Court for trial.   By a plain provision of the Constitution of the State it is declared that the District Court shall have original jurisdiction " in cases of misdemeanors involving official misconduct."   Besides the provisions of the Penal Code which relate to wilful rescues and escapes (article 313 et seq.), it is provided that, " Any officer, jailor, or guard who has the legal custody of a person accused or convicted of a capital offense, and who negli-

gently permits such person to escape, or to be rescued, shall be punished by fine not exceeding two thousand dollars." Penal Code, art. 204. And if such officer, jailor or guard, who has the legal custody of a person accused or convicted of a felony less than capital, negligently permits such person to escape, or to be rescued, he is liable to a fine not exceeding one thousand dollars; and if the prisoner is accused or convicted of a misdemeanor, and the officer, jailor or guard negligently permits an escape or a rescue, the fine on conviction is a sum not to exceed five hundred dollars. Id. arts. 205–6; Clark's Crim. Law of Texas, p. 66. These articles are found in chapter 4, title 8, of the Penal Code. In the same chapter are found several definitions, and among them the following: "By 'officer' as used in this chapter is meant any peace officer, as sheriff, deputy sheriff, constable of a beat, marshal, constable, or policeman of a city or town, any jailor or guard, or any person specially authorized by warrant to arrest." Penal Code, art. 227.

So that where a jailor, being an officer within the meaning of article 227, is charged with the custody and safe-keeping of a person who has been accused or convicted of a capital offense, shall negligently permit such person to escape or to be rescued, he is charg d with the performance of a duty imposed by law, and if he negligently permits such person to escape he is guilty of a violation of law,— a *misdemeanor* punishable by a pecuniary fine not to exceed two thousand dollars, and hence an offense of which the District Court has original jurisdiction to try and determine, agreeably to the manifest intent and meaning of that portion of sec. 8, art. 5, of the Constitution cited above.

In our opinion the language of the Constitution, as follows: "The District Court shall have original jurisdiction in criminal cases of the grade of felony; of all suits in behalf of the State to recover penalties, forfeitures and

escheats; of all cases of divorce; in cases of misdemeanors involving official misconduct," as well as suits for slander and suits for the trial of title to land and the other matters of jurisdiction mentioned in sec. 8 of the judiciary article of the Constitution (article 5), is too plain to admit of or require construction or interpretation. By this section suits for the trial of title to land, suits for divorce, and criminal cases of the grade of felony are all placed in the same category as cases of misdemeanors involving official misconduct. The jurisdiction as to one is the same as the others, and is as exclusive in the one as the others. The provision of section 16, article 5, which gives to the County Court "original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justice's court, as the same are now or may be hereafter prescribed by law, and when the fine to be imposed shall exceed two hundred dollars," must be held to relate to other misdemeanors than such as involve official misconduct, for the reason that jurisdiction of this class of misdemeanors is conferred by name on the District Court. If it were necessary to find a reason for this application of the plain words above quoted, we are of opinion that it would be found in the fitness of things. Jurisdiction to try unnamed offenses of the grade of felony having been specially conferred on the District Courts, it was, we are of opinion, eminently proper that all cases of official misconduct, whether of the grade of felony or misdemeanor should be tried in the District rather than in the County Court, in view especially of the fact that official misconduct of the character of that with which the defendant is accused is punished by law as a felony or as a misdemeanor according as the testimony shall show that the act which constitutes the offense was committed *wilfully* or *negligently*.

We are aware that in *Watson* v. *State*, 9 Texas Ct. App. 212, an interpretation was given to the clause of the

Constitution under consideration, and an application given to certain provisions of the statutes, variant in some respects from the present opinion. In Watson's case it was held by this court in effect that an officer could not properly be held to have forfeited his right to the office on account of official misconduct in the manner of discharging its duties, and as an incident to the case be removed from office, when the offense charged amounted simply to negligence and involved no moral turpitude; in other words, that the law never contemplated that the officer should be removed from office for a negligent failure to perform its duties, and that the severe and disgraceful punishment of removal from office should only follow a wilful failure to discharge its duties. This was the principal point of inquiry, and in that respect and to that extent we still adhere to the opinion expressed in Watson's case. But in so far as that case relates to the jurisdiction of the County Court to try that character of misdemeanors is concerned, we are of opinion, upon a careful reconsideration of the subject, that the rule there laid down was erroneous and must be overruled. The error is one likely to be productive of much mischief and should be corrected at the very earliest opportunity. It is preferable that the error should be corrected than persisted in simply for the sake of seeming consistency In correcting errors of others we should be as willing to correct our own. The ruling in Watson's case will be so modified as to conform to this opinion. Sec. 22 of the judiciary article of the Constitution authorizes the Legislature to increase, diminish or change the civil and criminal jurisdiction of the County Courts, and in case of such change of jurisdiction to so regulate the jurisdiction of other courts as to conform to the change made in the jurisdiction of the County Court; but there is no such power conferred to interfere with the constitutional jurisdiction of the District Courts, and neither the courts nor the legislature have any power

to change the plain letter and spirit of the Constitution to the dotting of an *i* or the crossing of a *t*. What is there plainly written must be observed and obeyed by legislatures and courts until the sovereign power which ordained the organic law shall see proper to change it, any *dictum* to the contrary notwithstanding.

The judgment of the County Court being rendered without jurisdiction, is a nullity and will be set aside. The order of the District Court transferring the case to the County Court, being the only way by which the County Court acquired jurisdiction, was a fundamental error, and being erroneous will be reversed, set aside and held for naught, and the case will be remanded to the District Court of Falls county for trial; and the district clerk will notify the County Court of this decision, for its observance.

*Reversed and remanded.*